NATIONAL BROADCASTING CO., INC. and Columbia Broadcasting System, Inc., Plaintiffs-Appellants,

v.

Donald Ray NANCE et al., Defendants-Respondents.

Nos. 35239, 35237.

Missouri Court of Appeals, St. Louis District, Division Two.

Feb. 19, 1974.

Motion for Rehearing or Transfer Denied March 8, 1974.

Kohn, Shands, Elbert, Gianoulakis & Giljum, Alan C. Kohn and Thomas J. Frawley, St. Louis, for plaintiffs-appellants.

Hanks & Taylor, Claude Hanks, Clayton, for defendants-respondents.

CLEMENS, Judge.

"Unfair competition is a species of commercial hitchhiking which the law finds offensive, and, therefore, prohibits. The law of unfair competition is but a reaffirmation of the rules of fair play. It aims to effect honesty among competitors by outlawing all attempts to trade on another's reputation—it gives the crop to the sower and not to the trespasser. In so doing it strives to protect the buying public from deception." Better Business Bureau, etc. v. Chappell, 307 S.W.2d 510 [1, 2] (Mo. App.1957). We find the trial court failed to follow the spirit of this principle and erred in denying the relief sought by plaintiffs.

Plaintiffs-appellants filed suit for injunction, alleging unfair competition, and asking for accounting and damages against defendants-respondents and others. Plaintiffs alleged defendant Nance was re-recording musical performances originally recorded on plaintiffs' magnetic tapes; that defendant Nance would then sell the re-recorded tapes to defendant Lytel, who in turn re-sold them to defendant Vancil and others.

Essentially the facts are undisputed: Defendant Nance buys RCA and CBS tapes upon which are recorded musical performances by recording artists under exclusive contract to RCA and CBS. These tapes have cost thousands of dollars to produce and RCA and CBS spends thousands more to advertise them. At a cost of less than a dollar a tape Nance then re-records the musical performance contained on the RCA and CBS tapes and mass pro-duces his own tapes containing those musical performances. Nance packages these tapes and affixes his own label, conspicuously naming the artists and the album titles.[1] The new tapes are packaged in sealed containers and Nance sells them to defendant Lytel. Lytel in turn sells them at retail or to retail outlets, such as defendant Vancil, who sells to the public at a cost below plaintiffs' retail price. Admittedly the musical quality of defendants' re-recorded tapes are inferior to plaintiffs' originals. Since both plaintiffs' and defendants' tapes are sold in sealed packages buyers could determine this inferiority only after buying both and comparing them.

The principle of unfair competition is no longer limited to its original application to misrepresentation by the wrongdoer in using the name of another to palm off his own product. It now embraces other schemes in which the wrongdoer uses his own name but misappropriates the property of another.

In International News Service v. The Associated Press, 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211 (1918), the defendant sold to its publishing customers news stories plaintiff had gathered and written. The court upheld an injunction against defendant, holding that since plaintiff had gathered news by its own enterprise and expense it had a *quasi* property interest in its product; that the defendant's appropriation thereof was unfair competition and entitled plaintiff to injunctive relief. Thereby the principle of unfair competition was expanded beyond misrepresentation to embrace misappropriation.

*International News* was cited and followed in Missouri in National Telephone Directory v. Dawson Mfg. Co., 214 Mo. App. 683, 263 S.W. 483 (1924). There plaintiff purchased from Southwestern Bell the exclusive right to solicit and sell advertising space on the covers of Bell's telephone directories. Defendant Dawson

---

1. For example: "The Best of Mancini," "Charlie Pride's 10th Album," "Aerie–John Denver," "Elvis Presley—Greatest Hits," and "The Best of Porter Wagoner."

made up false covers carrying other advertising Dawson had sold to its own customers. Dawson sold these false covers to defendant Chase Hotel Company which placed them over Bell's telephone directories in its hotel rooms. The trial court granted an injunction against defendants on the ground of unfair competition. On appeal defendants contended the doctrine of unfair competition was limited to cases of "palming off." Denying this, we said the unfair-competition "doctrine as thus announced [in *International News*] has since, by process of growth, been greatly expanded in its scope to encompass the schemes and inventions of the modern genius bent upon reaping where he has not sown."

In principle, the present defendants' misappropriation is worse than that in *International News* and *National Directory*. Here defendants are trebly appropriating plaintiffs' property rights: (1) the musical performances plaintiffs have produced and advertised, (2) the names of the artists whose performances plaintiffs had the exclusive right to use and (3) the album titles plaintiffs have created and advertised. Thus defendants have put a new cover on copies of plaintiffs' products and sold it as their own. As we said in affirming the trial court's injunctive relief in *National Directory*: "A more flagrant case of unfair competition is nowhere disclosed by the books. In fact, the scheme is more than unfair competition; it amounts to an actual appropriation of the plaintiff's property by the defendants to their own business purposes. A court of equity ought not to hesitate long to interpose its protection against a scheme of this character."

The growing practice of "tape piracy" by re-recording original phonographic tapes has been enjoined in at least five states: Capitol Records, Inc. v. Spies, 130 Ill.App.2d 429, 264 N.E.2d 874 (1970); Capitol Records, Inc. v. Erickson, 2 Cal. App.3d 526, 82 Cal.Rptr. 798 (1969); Liberty/UA, Inc. v. Eastern Tape Corpora-

tion, 11 N.C.App. 20, 180 S.E.2d 414 (1971); Columbia Broadcasting System v. Custom Recording Company et al., 258 S.C. 465, 189 S.E.2d 305 (1972); Capitol Records, Inc. v. Greatest Records, Inc., 43 Misc.2d 878, 252 N.Y.S.2d 553 (N.Y.Sup. Ct.1964).

Accordingly, we reverse and remand with instructions to the trial court to issue a permanent injunction against defendants as prayed by plaintiffs and proceed to adjudicate plaintiffs' claims for accounting and damages.

SMITH, P. J., and McMILLIAN, J., concur.